UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TILMON TYLER BOTTORFF,

        Plaintiff,

     v.                                                 Case No. 21-cv-0819-bhl

CO M. MEYER,

        Defendant.

## SCREENING ORDER

Plaintiff Tilmon Tyler Bottorff, who is currently incarcerated at the Brown County Jail[1] and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Bottorff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Bottorff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Bottorff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). He lacks the funds to pay an initial partial filing fee, so the Court will waive the initial partial filing fee and grant his motion for leave to

---

[1] About a week after Bottorff filed his complaint, two pieces of mail were returned to the Court as undeliverable. Both envelopes indicated Bottorff was no longer at the jail. However, a review of the jail's online inmate locator shows that Bottorff was again incarcerated at the jail beginning on July 15, 2021.

proceed without prepaying the filing fee. Bottorff will be required to pay the entire $350 filing fee over time in the manner described at the end of this order.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Bottorff, on May 23, 2021 he was placed in a detox unit at the jail. Bottorff asserts that he asked Defendant CO Meyer if he could use the telephone, but Meyer refused to let him use the telephone in the unit because Bottorff had "corrected" another officer. Bottorff asserts that because he could not use the phone, he was unable to release his personal property, including his debit card. Bottorff alleges that, because he could not access his debit card, he was unable to retain a lawyer and had to represent himself. He explains that he made too much money to qualify for the services of a public defender. Bottorff also asserts that he lost all the personal property he kept in storage, including his grandfather's ashes and pictures. Dkt. No. 1 at 2-3.

On June 9, 2021, another officer allegedly approved the release of Bottorff's property. Bottorff's mother came the next day to pick up the property, including his debit card, but the jail would not release the property to her. Bottorff explains that "the whole time" he was not allowed to use the phone, so he passed notes to other inmates to contact his mother. Bottorff seeks $2 million in damages and changes to the jail's policies. Dkt. No. 1 at 3-4.

## ANALYSIS

Bottorff fails to state a retaliation claim against Defendant. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in a protected First Amendment activity, (2) he suffered a deprivation that would likely deter future First Amendment activity, and (3) the protected activity caused the deprivation." *Harris v. Wall*, 604 F. App'x 518, 521 (7th Cir. 2015) (citations omitted). According to Bottorff, Defendant refused to let him use the telephone because he had "corrected" one of Defendant's fellow officers. The Seventh Circuit has explained that in order for a prisoner's

speech to be protected activity, the speech and the manner in which the prisoner engaged in the speech must be consistent with legitimate penological interests. *Watkins v. Kasper*, 599 F.3d 791, 794-95 (7th Cir. 2010).

Bottorff's description of his interaction with the other officer is too vague for the Court to reasonably infer that his speech was consistent with penological interests and thereby protected activity. While it is conceivable that Bottorff's "correction" of another officer was protected speech (for example, if he raised concerns through the grievance process), it is equally conceivable that his "correction" was not protected speech. *See Watkins*, 599 F.3d at 797 (finding than an inmate's "public challenge to [a prison official's] directive was inconsistent with her legitimate interests in discipline and library administration"). The Court will not speculate on this point. Instead, the Court will allow Bottorff to file an amended complaint. His amended complaint should set forth facts describing his "correction" of the officer to allow the Court to determine whether he engaged in speech protected by the First Amendment.

Bottorff's complaint is also too vague to state a claim based on his assertions that he was not allowed to call his mom to release his property to her while he was in detox. It is unclear how long Bottorff was denied phone privileges, if Defendant (the only person he sues) is the only officer who refused to let him use the telephone, and how many times Defendant refused to let him use the telephone. It is also unclear if he was prohibited from using the telephone to call anyone, including a lawyer, or if he was only prohibited from calling family and friends. *See Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991) (acknowledging that denying a pre-trial detainee access to a telephone for four days would violate the Constitution in certain circumstances, such as if a person's Sixth Amendment right to counsel were implicated). If he chooses to file an

amended complaint, Bottorff should take care to include sufficient facts to allow the Court to draw the reasonable inference that Defendant is responsible for the misconduct alleged.

If Bottorff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described in this order. His amended complaint must be filed on or before **September 24, 2021**. Failure to file an amended complaint or to ask for additional time to do so by the deadline may result in dismissal of this action.

Bottorff is advised to label the amended complaint with the case number assigned to this case (21-cv-819). The amended complaint replaces the original complaint, so it must include all of his allegations against all of the people he wants to sue. The amended complaint must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that Bottorff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 24, 2021**, Bottorff shall file an amended complaint fixing the defects in the original complaint as described in this order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Bottorff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Bottorff shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Bottorff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time

the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Bottorff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Bottorff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Bottorff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Bottorff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, Bottorff must notify the Clerk of Court of any change of address, including changes resulting from him being transferred to a different institution or released from jail. Failure to inform the Court of how to contact him could result in

orders or other information not being timely delivered, thus affecting his legal rights, including dismissal of this action.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge