UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TILMON TYLER BOTTORFF,

        Plaintiff,

     v.                                                 Case No. 21-cv-0819-bhl

CO M. MEYER,

        Defendant.

## SCREENING ORDER

Plaintiff Tilmon Tyler Bottorff, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On August 23, 2021, the Court screened Bottorff's complaint and gave him the opportunity to file an amended complaint, which he did on September 16, 2021. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Bottorff, on May 23, 2021, he was booked into the Brown County Jail. The booking officer allegedly denied Bottorff's request to fill out a property release form and make a phone call. Bottorff asserts that he told the officer he was violating his rights by preventing him from contacting his lawyer and family, and Bottorff asked for a grievance form. Bottorff was then allegedly transferred to the detox unit, where he asked Defendant CO Meyer for a property release form and to use the telephone. Bottorff asserts he made these requests four times, but Defendant said no every time allegedly because Bottorff had corrected Defendant's colleague. Dkt. No. 9 at 2.

Bottorff explains that the Brown County Jail has a policy that requires inmates to release their personal property within seventy-two hours. If they fail to do so, they are not allowed to release their property. Bottorff states that he was in the detox unit for six days, during which time he was not allowed to use the telephone to call his lawyer or his family. He was then allegedly moved to another unit for seventeen days, during which time he still was not allowed to use the telephone or fill out a property release form. Dkt. No. 9 at 3.

On June 9, 2021, an officer allowed Bottorff to complete a property release form despite being outside the seventy-two-hour period, but the next day when his mother came to pick up his personal property, an officer with more authority allegedly refused to release Bottorff's property. Bottorff asserts that he then filed a grievance and finally was allowed to use the telephone and release his property. Dkt. No. 9 at 3.

According to Bottorff he made too much money to qualify for the services of a public defender. Because he was not allowed to use the telephone to contact a lawyer, he was forced to represent himself in court. Further, because he was unable to release his property, including his debit card, his mother was unable to pay his storage unit fees. Bottorff asserts that he lost all of his personal property in the storage unit, including his grandfather's ashes and pictures. Dkt. No. 9 at 3.

### THE COURT'S ANALYSIS

Bottorff asserts that Defendant violated his rights when he repeatedly refused to let Bottorff make a telephone call and complete the necessary form to release his personal property.[1] The Court will allow Bottorff to proceed on a First Amendment retaliation claim against Defendant based on allegations that he refused to let Bottorff use the telephone or complete a property release form because Bottorff had informed the booking officer of his right to use the phone and informed him he would file a grievance. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (explaining that to prevail on a retaliation claim, a plaintiff must show he engaged in protected activity, an adverse action was taken against him, and his protected conduct was at least a motivating factor in the adverse action).

Bottorff also states a Sixth Amendment claim based on allegations that, because Defendant refused to let him use the telephone, he was unable to contact his attorney and therefore had to represent himself in court. *Tucker v. Randall*, 948 F.2d 388, 390 (7th Cir. 1991) (holding that the right to counsel would be implicated if a pretrial detainee were not allowed to talk to his lawyer for four days). And, because pretrial detainees may not be punished at all because they have not been convicted of a crime, Bottorff states a Fourteenth Amendment conditions claim based on allegations that Defendant refused to let him make telephone calls or release his property consistent with jail policy. *See Duran v. Elrod*, 542 F.2d 998, 999-1000 (7th Cir. 1976); *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 856 (7th Cir. 2017) ("A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.") (internal citations omitted).

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon CO M. Meyer pursuant to Federal Rule of Civil Procedure 4. Bottorff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although

---

[1] As a reminder, §1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). As such, Defendant will not be liable for other officers' denials of Bottorff's requests.

Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Meyer shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Bottorff is reminded that he must notify the Clerk of Court of any change of address, including if he is transferred to a different institution. Failure to do so could result in orders or other information not being timely delivered, thus affecting his legal rights. The Court may conclude that Bottorff is not diligently prosecuting this action if the Court and Defendant are unable to reach him.

Dated at Milwaukee, Wisconsin this 29th day of September, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge