UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TILMON TYLER BOTTORFF,

                Plaintiff,

v.                                                                         Case No. 21-cv-0819-bhl

CO M. MEYER,

                Defendant.

---

## NOTICE AND ORDER

---

Plaintiff Tilmon Tyler Bottorff, who is representing himself, filed a complaint under 42 U.S.C. §1983. On January 14, 2022, Defendant filed a motion for summary judgment on the ground that Bottorff failed to exhaust the available administrative remedies. Dkt. No. 19. Under Civil L. R. 56(b)(2), Bottorff's response materials are due within thirty days of service of the motion, or by **February 14, 2022**. In responding to the motion, Bottorff must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the Court will assume that he does not dispute the proposed fact and will accept the fact as true. Bottorff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct. Bottorff must also respond to the legal arguments in the brief.

If Bottorff fails to respond to the motion by the deadline, the Court will accept all facts asserted by Defendants as undisputed, which will likely result in summary judgment being granted in Defendants' favor and the case being dismissed. Further, the Court reminds Bottorff that, under Civil L. R. 7(d) and General L. R. 83(f), his failure to respond to Defendants' motion may be sufficient cause for the Court to grant the motion as a sanction for noncompliance with Civil L.R. 56 and this order.

If Bottorff believes he needs additional time to prepare his response materials, he must file a motion asking the Court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **February 14, 2022**, Bottorff does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendants as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules. *See* Civil L.R. 7(d) and General L. R. 83(f).

Dated at Milwaukee, Wisconsin on January 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge